## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                Plaintiff,               Civil Action No.:
                                        Honorable:

v.

                                        COMPLAINT AND JURY
                                        TRIAL DEMAND

SAFIE SPECIALTY FOODS COMPANY, INC.,

                Defendant.

_____/

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Lisa Karaszewski ("Karaszewski"), Nadwa Korkis ("Korkis"), Christina Schoenherr ("Schoenherr") and Bryant Hardiman ("Hardiman"), who were affected by such unlawful practices. As alleged with greater particularity in paragraphs 12 & 16 below, the EEOC alleges

that Defendant, Safie Specialty Foods Company, Inc. ("Defendant"), violated Title VII of the Civil Rights Act by subjecting Korkis and Schoenherr to sexual harassment and by discharging Karaszewski, Korkis, Schoenherr and Hardiman for making a complaint of sex harassment and/or participating in an investigation of the complaint.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 as amended ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3).

2.     The alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

3.     Plaintiff Equal Employment Opportunity Commission ("the Commission") is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§2000e-5(f)(1) and (3).

4.     At all times, Defendant has continuously been a company under the laws of the State of Michigan, doing business in the charter township of Chesterfield, Michigan, and has continuously had at least 15 employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§2000e-(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6.     More than 30 days prior to the institution of this lawsuit Karaszewski, Korkis and Schoenherr each filed separate charges of discrimination with the Commission alleging violations of Title VII by Defendant.

7.     On March 28, 2018, the Commission issued to Defendant separate Letters of Determination regarding the charges of Karaszewski, Korkis and Schoenherr, each finding reasonable cause that Title VII was violated, and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.     The Commission engaged in communications with Defendant to provide Defendant with the opportunity to remedy the discriminatory practices described in the Letters of Determination.

9.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission with respect to the charges of Karaszewski, Korkis or Schoenherr.

10.     On June 19, 2018, the Commission issued three separate Notices of Failure of Conciliation to Defendant regarding the charges of Karaszewski, Korkis, and Schoenherr.

11.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

## COUNT I – SEXUAL HARASSMENT

12.     Since at least January 2015 through April of 2015, Defendant engaged in unlawful employment practices at its Chesterfield, Michigan facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1). These unlawful employment practices include, but are not limited to the following:

a.     Defendant has engaged in sex discrimination against Korkis and Schoenherr by subjecting them to severe or pervasive sexual harassment and by creating or maintaining a hostile work environment because of their sex;

b.     At all relevant times, Mary Safie ("Safie") has been Defendant's sole owner and head chef;

4

c.      At all relevant times Wajdi Al-Hanna ("Al-Hanna") was employed as a lead processing employee by Defendant. His "lead" status allowed him to direct the work activities of others, including temporary employees. Al-Hanna is the husband of a member of Defendant's management team.

d.      Al-Hanna subjected Korkis and Schoenherr to sexual harassment.

e.      Between January of 2015 and February of 2016, Al-Hanna regularly made explicit sexual comments to Korkis. These comments included telling her that he wanted to "fuck her" and propositioning her for sex. Al-Hanna also regularly told Korkis that he liked her breasts and "butt." He would also frequently walk behind her, stare at her, follow-her upstairs and intentionally brush or bump into her.

f.      Between November of 2015 and February of 2016, Al-Hanna regularly called Schoenherr "sexy kiki" and/ or "sexy lady," changed her work assignments so she would have to work in close proximity to him, stood unnaturally close to her, and blatantly stared at her.

g.      Al-Hanna regularly behaved in an aggressive and territorial manner in all matters concerning Schoenherr. He became upset when other male employees stood near her or spoke with her, or if other employees told her what to do.

h. Al-Hanna's actions and behaviors made Schoenherr so uncomfortable that on multiple occasions she left work early to avoid him.

i. On or about February 24, 2016, Al-Hanna told Schoenherr to meet him at Defendant's facility on a Sunday (a non-work day) because they had to do something that could not be done during normal work hours. Schoenherr interpreted this remark as being sexual in nature.

j. Since at least 2012, Defendant had knowledge that Al-Hanna was regularly sexually harassing female employees. Defendant deliberately ignored warnings and complaints regarding the same and took no steps to stop Al-Hanna's discriminatory conduct.

13. The effect of the practices complained of above was to deprive Korkis and Schoenherr of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

14. The unlawful employment practices complained of above were intentional.

15. The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Korkis and Schoenherr.

## COUNT II – RETALIATION

16. Since at least February of 2016, Defendant has engaged in unlawful

6

retaliatory employment practices at its Chesterfield, Michigan facility, in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3(a). These unlawful employment practices include, but are not limited to the following:

a.       On or about February 24, 2016 at the close of business, Bryant Hardiman, a temporary employee, informed Karaszewski that Schoenherr was being subjected to inappropriate advances by Al-Hanna. Karaszewski supervised Schoenherr and Hardiman. Karaszewski then spoke with Schoenherr, who complained of sexual harassment by Al-Hanna. Both Defendant's Human Resources Manager and Defendant's Vice President of Human Resources were on vacation and/or out of the office.

b.       Defendant's facility was closed on February 25, 2016.

c.       On the morning of February 26, 2016, Karaszewski submitted a written report regarding Schoenherr's complaint to Defendant's management. Karaszewski also informed Safie that Hardiman was the one who notified her of Al-Hanna's harassing conduct toward Schoenherr, and that Korkis also had knowledge of Al-Hanna's conduct. Members of management subsequently discussed Schoenherr's complaint of harassment with Hardiman.

d.       The same day, Defendant terminated the employment of Schoenherr and Hardiman, instructed their staffing company to never send them

back to Defendant's facility, and accused them of using drugs.

        e.     Defendant also suspended Karaszewski the same day, shortly after she forwarded Schoenherr's complaint. Karazewski never returned to work and was terminated via a letter dated April 15, 2016.

        f.     On February 27, 2016, Safie and Al-Hanna's wife, Quality Assurance Supervisor Hannan Haddad, interviewed Korkis regarding her knowledge of Schoenherr's complaint. During that interview, Korkis confirmed that Al-Hanna was acting inappropriately towards Schoenherr.

        g.     Defendant terminated Korkis on March 2, 2016.

17.    The effect of the practices complained of in paragraph 16 above has been to deprive Karaszewski, Korkis, Schoenherr and Bryant Hardiman of equal employment opportunities and otherwise adversely affect their status as employees.

18.    The unlawful employment practices complained of in paragraph 16 above were and are intentional.

19.    The unlawful employment practices complained of above were and are done with reckless indifference to the federally protected rights of Karaszewski, Korkis, Schoenherr and Hardiman.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.     GRANT a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from maintaining a sexually hostile work environment and from retaliating against employees based on their opposition to any employment practice made unlawful under Title VII;

B.     ORDER Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees and employees who engage in protected activity, and which eradicate the effects of its past and present unlawful employment practices;

C.     ORDER Defendant Employer to make whole Karaszewski, Korkis, Schoenherr and Hardiman by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D.     ORDER Defendant Employer to make whole Karaszewski, Korkis, Schoenherr and Hardiman by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraphs 12 and 16 above, in amounts to be determined at trial;

E.     ORDER Defendant Employer to make whole Karaszewski, Korkis, Schoenherr and Hardiman by providing compensation for past and future non-

9

pecuniary losses resulting from the unlawful practices described in paragraphs 12 and 16 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F.     ORDER Defendant Employer to pay Karaszewski, Korkis, Schoenherr and Hardiman punitive damages for its malicious and reckless conduct described in paragraphs 12 and 16 above, in amounts to be proven at trial;

G.     GRANT such further relief as the Court deems necessary and proper in the public interest.

H.     AWARD the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,


_____/s/  Kenneth  Bird_____ _____
KENNETH BIRD
Regional Attorney


_____/s/  Omar Weaver_____
OMAR WEAVER (P58861)

Supervising Trial Attorney


_____/s/ Miles L. Uhlar_____
MILES L. UHLAR (P65008)
Trial Attorney


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
DETROIT FIELD OFFICE
Patrick V. McNamara
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
Tel. No. (313) 226-3410

October 18, 2018

11