## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

                               Case No. 2:18-cv-13270

          Plaintiff,          Hon. Sean Cox

v.

SAFIE SPECIALTY FOODS
COMPANY, INC.
               Defendant.

_____/

| | |
|---|---|
| KENNETH L. BIRD | CUMMINGS, McCLORY, DAVIS |
| OMAR WEAVER (P58861) | & ACHO, P.L.C. |
| MILES UHLAR (P65008) | RONALD G. ACHO (P23913) |
| Attorney for Plaintiff | JAMES R. ACHO (P62175) |
| 477 Michigan Ave., Rm. 865 | 17436 College Parkway |
| Detroit, Michigan 48226 | Livonia, MI 48152 |
| (313) 226-4620 | (734) 261-2400 |
| miles.uhlar@eeoc.gov | racho@cmda-law.com |
| Attorneys for Plaintiff | jacho@cmda-law.com |
| | Attorneys for Defendant |

_____/

## CONSENT DECREE

The United States Equal Employment Opportunity Commission

("the Commission") filed this action against Safie Specialty Foods

Company, Inc. (hereinafter "Defendant") to enforce Title VII of the 1964

Civil Rights Act ("Title VII"). The Commission alleged that Defendant violated Title VII by subjecting Christina Schoenherr and Nadwa Korkis to a sexually hostile work environment and for retaliating against Schoenherr, Korkis, Lisa Karaszewski and Bryant Hardiman for opposing Defendant's unlawful practices.

It is the intent of the parties that this Consent Decree shall be a final and binding settlement in full disposition of the Complaint. It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: 1) the Court has jurisdiction over the parties and the subject matter of this action; 2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of this Consent Decree; and 3) this Consent Decree fully and finally resolves all matters in controversy arising out of the Complaint.

Therefore, it is hereby ORDERED, ADJUDGED, AND DECREED:

## NON-DISCRIMINATION AND RETALIATION

1. Defendant and its officers, agents, employees, successors, assigns and all persons in active concert or participation with them are enjoined for the duration of this decree from: a) failing to investigate internal complaints of sexual harassment; b) failing to take corrective remedial

action to address sexual harassment; and c) retaliating against any employee because s/he: (i) opposes discriminatory practices made unlawful by Title VII; (ii) files a charge of sexual harassment or assists or participates in an investigation or proceeding brought under Title VII prohibiting discrimination or retaliation.

## MONETARY RELIEF

2.      Defendant shall pay a total of $125,000 in monetary relief to be distributed as follows:

        a.      Defendant shall pay $35,000.00 to Christina Schoenherr. Of this amount, $1,584.00 shall be treated as backpay and $33,416.00 shall be treated as compensatory/punitive damages. By March 31, 2020, Defendant shall pay Schoenherr $1,584.00 in back pay and $8,416.00 in compensatory/punitive damages. Thereafter, beginning in April of 2020, Defendant shall pay Schoenherr the remaining $25,000.00 in compensatory/punitive damages via consecutive payments of $520.83 per month for 48 months, with each payment being due by the last day of each month.

        b.      Defendant shall pay $35,000.00 to Nadwa Korkis. Of this amount, $1,840.00 shall be treated as backpay and $33,160.00 shall be

treated as compensatory/punitive damages. By March 31, 2020, Defendant shall pay Korkis $1,840.00 in back pay and $8,160.00 in compensatory/punitive damages. Thereafter, beginning in April of 2020, Defendant shall pay Korkis the remaining $25,000.00 in compensatory/punitive damages via consecutive payments of $520.83 per month for 48 months, with each payment being due by the last day of the month.

      c.     Defendant shall pay $35,000.00 to Lisa Karaszewski. Of this amount, $2,392.00 shall be treated as backpay and $32,608.00 shall be treated as compensatory/punitive damages. By March 31, 2020, Defendant shall pay $2,392.00 in back pay and $7,608.00 in compensatory/punitive damages. Thereafter, beginning in April of 2020, Defendant shall pay Karaszewski the remaining $25,000 in compensatory/punitive damages via consecutive payments of $520.83 per month for 48 months, with each payment being due by the last day of the month.

      d.     Defendant shall pay $20,000.00 to Bryant Hardiman. Of this amount, $72.00 shall be treated as backpay and $19,928.00 shall be treated as compensatory/punitive damages. By March 31, 2020,

Defendant shall pay Hardiman $72.00 in back pay and $9,928.00 in compensatory/punitive damages. Thereafter, beginning in April of 2020, Defendant shall pay Hardiman the remaining $10,000.00 in compensatory/punitive damages via consecutive payments of $208.33 per month for 48 months, with each payment being due by the last day of the month.

3.      All payments treated as back pay shall be subject to applicable taxes and withholdings. Defendant shall not deduct from any back pay amount the employer's share of any costs, taxes, or social security payments required by law to be paid by the employer. Defendant shall not deduct any amounts from the payments of compensatory/punitive damages, but shall issue IRS 1099-MISC forms in the ordinary course of business.

4.      Defendant shall make all payments by sending checks directly to the harmed individuals at the addresses provided by Plaintiff under separate cover. Within seven (7) days after the initial payments are made to each individual as specified in paragraphs 2a through 2d herein, Defendant shall e-mail a copy of each initial check to monitoring-eeoc-indo@eeoc.gov and miles.uhlar@eeoc.gov.

## TRAINING

5.      Within sixty (60) days from the entry of this Decree and thereafter

on an annual basis for the duration of this Decree, Defendant shall

train all its employees – including Defendant's owner – on sex

discrimination, sexual harassment, and retaliation. Each training

session shall last at least one (1) hour. New employees shall be trained

within seven (7) days from when they first start working for Defendant.

All employees shall register when they attend training. For the

duration of this Decree and on an annual basis, Defendant shall retain

a registry of all employees who have completed the training and

forward a copy of the names of these individuals and a copy of the

written training materials used to Kenneth Bird, Regional Attorney,

care of Miles Uhlar, Trial Attorney, EEOC, 477 Michigan Ave., Room

865, Detroit, MI 48226. Copies of the names of these individuals and

the written training materials used shall also be e-mailed to

monitoring-eeoc-indo@eeoc.gov.

## REVISED CORRECTIVE POLICY

6.      Within sixty (60) days of the date this Decree has been entered by

the Court, Defendant shall submit a revised written policy and

procedure concerning sexual harassment and retaliation. Such revised policy shall be sent to the Commission's Regional Attorney via US Mail and electronic mail at the addresses above. The revised written policy and procedure must specify the following changes to the previous policy dated January 2, 2019:

A.    That any manager or supervisor who observes or hears about harassing conduct direct the offending individual to stop immediately, explain that the conduct is inappropriate, make a written record of the incident and response, and place such record in the offending individual's personnel file.

## DISSEMINATION OF HARASSMENT POLICIES AND PROCEDURES

7.    The policies and procedures referenced in paragraph 6 above shall be distributed to each current employee within sixty (60) days of the date this Decree has been entered by the Court and to each new employee when hired.

## NOTICE POSTING

8.    Within sixty (60) days of the entry of this Decree, Defendant shall post the Notice attached as Attachment A in the same prominent, conspicuous and accessible place where employee notices are posted.

The Notice shall be posted throughout the term of this Consent Decree. Written confirmation that the Notice has been posted shall be mailed to Kenneth L. Bird, c/o Miles L. Uhlar, Trial Attorney, EEOC, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226 and shall also be sent via email to monitoring-eeoc-indo@eeoc.gov. Should the notice become defaced, marred, or otherwise made unreadable, Defendant will post a readable copy of the Notice as soon as practicable.

<u>REPORTING BY DEFENDANT AND ACCESS BY EEOC</u>

9.     For the duration of this Decree, Defendant shall submit annual reports to the Commission ("Compliance Reports"), which detail Defendant's compliance with this Consent Decree. The first report shall be due twelve months after the entry of this Decree, with each subsequent report due twelve months thereafter for the duration of the Decree.

10.    All Compliance Reports shall contain the following information for the twelve months preceding the deadline for that report: (a) the name, home address, home telephone number, e-mail address and cell phone number of any employee who made allegations, orally or in writing, about sex discrimination, sexual harassment and/or retaliation in the

preceding twelve months; (b) the nature of the complaint; (c) a description of Defendant's investigation in response to the complaint; (d) the conclusions of the investigation; (e) the corrective action taken, if any; and (f) the names, titles, phone numbers and e-mail addresses of any and all Defendant employees who investigated the complaint(s). If no such complaints were made, Defendant shall submit the required report and indicate it did not receive any complaints during the time period.

11.    The Commission shall have the right during regular business hours, hereby defined as Monday through Friday, 8:00 a.m. to 5:00 p.m., to enter and inspect Defendant's Chesterfield, Michigan location to ensure compliance with this decree.

## DURATION

12.    Absent extension, this Decree shall expire by its own terms at the end of four (4) years from the date it has been entered by the Court without further action of the parties or upon completion of the final payments specified in paragraph 3, whichever comes later.

## DISPUTE RESOLUTION AND COMPLIANCE

13.    This Court shall retain jurisdiction over this action for the

duration of this Decree and shall have all equitable powers, including injunctive relief, to enforce this Decree. Upon motion of the Commission, the Court may schedule a hearing for the purpose of reviewing compliance with this Decree. The parties shall engage in a good faith effort to resolve any dispute as to compliance prior to seeking review by the Court, and the EEOC shall be required to give the Defendant ten (10) days' notice before moving for such review. The EEOC may conduct written discovery under the Federal Rules of Civil Procedure for purposes of determining compliance with this Decree. Should the Court determine that Defendant has not complied, the Court may order appropriate relief including extension of the Decree for the time necessary to remedy non-compliance, and attorney's fees and costs.

14.    If Defendant fails to comply with any provision of this Decree, it shall have ten (10) days to cure its non-compliance. If the Court determines Defendant did not comply, a penalty shall accrue up to a maximum amount of $500 per day, from the date it was determined that Defendant failed to comply with the Decree through the date Defendant is in compliance with the Decree again.

15.    In the event Defendant does not comply with any provision of this

Decree, and the Commission must petition the Court to order

Defendant to comply, the Commission is entitled to an order requiring

the payment of the daily penalty provided for in the above paragraph.

In addition, Defendant shall pay all attorney's fees and costs incurred

by the Commission to enforce the Decree.

<u>MISCELLANEOUS</u>

16.    Except as provided in paragraphs 13 through 15, each party will

bear its own costs and fees.

17.    If any provision of this Decree is found to be unenforceable or

unlawful, only the specific provision in question shall be affected and

the other provisions shall remain in full force and effect.

18.    This Decree constitutes the entire agreement and commitments of

the parties. Only the Court may modify this Decree.

19.    The terms of this Consent Decree are and shall be binding upon

the present and future owners, officers, directors, employees, creditors,

agents, trustees, administrators, successors, representatives, and

assigns of Defendant. The Defendant will provide prior written notice to

any potential purchaser of Defendant's business, or a purchaser of all or

a portion of Defendant's assets, and to any other potential successor, of

the Commission's lawsuit, the allegations raised in the Commission's

Complaint, and the existence and contents of this Consent Decree. Prior

to selling any or all of its business or assets, the Defendant shall

provide the buyer with a copy of this Consent Decree and shall notify

the EEOC of the impending sale as far in advance of the sale as

possible.

20.    It is acknowledged that monetary relief agreed to in settlement of

damages, set forth herein, constitutes a debt owed to and collectible by

the United States. Should Defendant file for relief under the U.S.

Bankruptcy code, this debt shall be deemed a judgment for an

intentional tort against the United States.


EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION


/s/_Miles L. Uhlar_____
MILES L. UHLAR (P65008)
DETROIT FIELD OFFICE
Patrick V. McNamara Federal Building
477 Michigan Ave, Room 865
Detroit, Michigan 48226
(313) 226-4620
miles.uhlar@eeoc.gov

Date:  1/15/2020


SAFIE SPECIALTY FOODS COMPANY, INC.

/s/  James R. Acho (with consent)
CUMMINGS, McCLORY, DAVIS
& ACHO, P.L.C.
JAMES R. ACHO (P62175)
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
racho@cmda-law.com
jacho@cmda-law.com
Attorneys for Defendant


Date: 1/15/2020


## IT IS SO ORDERED:


Dated:  January 16, 2020          s/Sean F. Cox
                                  Sean F. Cox
                                  U. S. District Judge

## EXHIBIT A -  NOTICE



### U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Indianapolis District Office

101 West Ohio Street, Suite 1900
Indianapolis, IN  46204-4203
(800) 669-4000; TTY (800) 669-6820
FAX (317) 226-7953 & 5571

### THIS NOTICE IS POSTED PURSUANT TO A CONSENT DECREE
### ENTERED INTO BETWEEN THE EEOC AND SAFIE SPECIALTY FOODS
### REGARDING SEXUAL HARASSMENT AND RETALIATION IN THE WORKPLACE

Harassment is a form of employment discrimination that violates Title VII of the Civil Rights Act of 1964. It is unlawful to harass a person (an applicant or employee) because of that person's sex. Harassment can include "sexual harassment" or unwelcome sexual advances, requests for sexual favors, and other verbal or physical harassment of a sexual nature. The harasser can be the business owner, the victim's manager, supervisor, a manager or supervisor from another location, a co-worker, or someone who is not an employee of the employer, such as a client or customer.

Safie Specialty Foods will not tolerate any form of sexual harassment or sex discrimination. An employee has the right to complain of discrimination or harassment in the workplace. An employee may contact the Equal Employment Opportunity Commission (EEOC) for the purpose of filing a charge of employment discrimination.

In compliance with federal law, no owner, manager, official or supervisor at Safie Specialty Foods will retaliate against an employee who makes an internal complaint of discrimination, verifies a complaint of discrimination, participates in the investigation of a discrimination complaint or contacts the EEOC or its state counterpart.

SIGNED this _____ day of _____, 2020.

_____
Mary Safie, Owner

Questions concerning this notice may be addressed to:
Equal Employment Opportunity Commission
101 W. Ohio St., Suite 1900
Indianapolis, Indiana 46204-4203
Telephone:  (800) 669-4000 - TDD (800) 669-6820

This OFFICIAL NOTICE shall remain posted for four (4) years from date of signing.